Todd C. Ringstad (State Bar No. 97345)
todd@ringstadlaw.com
**RINGSTAD & SANDERS, LLP**
2030 Main Street, 12th Floor
Irvine, CA  92614
Telephone: 949-851-7450
Facsimile:  949-851-6926

Proposed Counsel for American Spectrum
Realty, Inc., Alleged Debtor

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>AMERICAN SPECTRUM REALTY, INC.,<br><br>Alleged Debtor | Case No. 8:15-bk-10721-SC<br><br>Chapter 11 Proceeding<br><br>**EMERGENCY MOTION FOR THE TRANSFER OF VENUE TO THE SOUTHERN DISTRICT OF TEXAS**<br><br><u>Emergency Hearing:</u><br>Date:  [To be set]<br>Time:<br>Place:  Courtroom 5C<br>411 West Fourth Street<br>Santa Ana, CA 92701 |

/////

/////

/////

/////

/////

/////

/////

/////

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, OFFICE OF THE UNITED STATES TRUSTEE, AND OTHER INTERESTED PARTIES:**

American Spectrum Realty, Inc. ("ASR" or "Company"), alleged Debtor herein, respectfully submits this Emergency Motion the Transfer of Venue to the Southern District of Texas.

## I.

## INTRODUCTION

ASR has been a publicly traded company since 2001 and is listed on the New York Stock Exchange. ASR is a real estate investment company that owns, through its operating partnership, its subsidiaries and affiliates, interests in office, industrial, self storage, retail properties and apartments throughout the United States. ASR and its subsidiaries currently own, manage, or lease approximately 95 properties totaling over $1 billion of value in 18 states throughout the U.S.

An involuntary petition was filed last Friday, February 16, 2015, at 4:15 p.m. Later that evening, at approximately 7:20 p.m., the Petitioning Creditors filed their Emergency Motion for a Court Order Appointing an Interim Chapter 11 Trustee (the "Motion"). A hearing has been scheduled on the Motion for February 19, 2015 at 2:00 p.m.

The Petitioning Creditors are D&A Daily Mortgage Fund III, L.P., D&A Semi-Annual Mortgage Fund III, L.P., and D&A Intermediate-Term Mortgage Fund III, L.P. ("Petitioners" or "Dunham"). The Petitioners and various Dunham entities transferred 19 properties to ASR in return for Series B Preferred Stock in ASR, of which Dunham controls 100%. In a subsequent settlement of disputes with Dunham (including allegations identical to those raised herein), 14 properties were returned to Dunham in return for relinquishment of a portion of the preferred shares.

The motives of the Petitioners are apparent by their Motion. This case is a dispute between insiders for control of a publicly traded company. The Petitioners acknowledge that their goal is to obtain control of the ASR Board. The Petitioners assert that they are entitled to

vote in a Board majority under the terms of the Articles governing Series B Preferred Shares which they hold. Rather than assert that position before the state court in Texas, where ASR has its principal offices, the Petitioners have forum shopped and seek the appointment of a trustee so that it can convince a trustee to hold a new election of directors.

## I.

## GROUNDS FOR EMERGENCY RELIEF

The sole basis for jurisdiction in the Central District of California is the presence of a Chapter 11 case of an affiliate of ASR which was filed on February 12, 2015. Verdugo, LLC, an entity with an interest in a single real property located in Glendale, California consisting of a multi-tenant office building, filed a Chapter 11 to prevent the imminent foreclosure of the property, which has considerable equity (in excess of $2,000,000) above the secured debt. A Dunham entity held the secured debt scheduled for foreclosure sale the following day and had refused to postpone the sale. No other assets are involved in that case.

ASR maintains its corporate headquarters at5 2401 Fountain View, 7th Floor, Houston, Texas 77057. The Company has had its principal offices in Houston, Texas since 2001. All management and accounting functions are conducted principally in the Houston headquarters.

The request for appointment of a trustee highlights the importance of an immediate change of venue. If a trustee were appointed, that trustee should be located near the corporate headquarters and near the Court in which the case is pending so that the trustee can appropriately, and without undue delay or expense, perform the trustee's duties of overseeing the ASR operations and reporting to the Bankruptcy Court. It would create waste and hamper a trustee in the performance of his or her duties to appoint a California trustee to oversee a complex operation located in Texas, or conversely, require a Texas trustee to report to and appear before a Bankruptcy Court in California.

Three bankruptcy cases of affiliates are pending in the Southern District of Texas: 1) ASR-8 Centre LP, ASR-Fountainview Place LP, and ASR-Parkway One & Two LP, jointly administered as Case No. 14-30174; 2) ASR 2401 Fountainview, LP, Case No. 14-35322-H3-11; and 3) ASR 2401 Fountainview, LLC, Case No. 14-35323-H3-11.

## II.

## ASR'S CORPORATE HEADQUARTERS ARE LOCATED IN HOUSTON, TEXAS. IT IS THEREFORE APPROPRIATE THAT THE CASE BE TRANSFERRED TO THE SOUTHERN DISTRICT OF TEXAS.

A district court may transfer a case or proceeding under title 11 to a district for another district, in the interest of justice or for the convenience of the parties. 28 U.S.C. § 1412. Transfer motions must be considered on a case-by-case basis. *In re Cytodyn of New Mexico, Inc.*, 374 B.R. 733, 742 (Bankr. C.D. Cal. 2007). Relevant factors for determining whether a bankruptcy case should be transferred to a different district in the interest of justice include:

1. The location of the pending bankruptcy;
2. Whether the transfer would promote the economic and efficient administration of the bankruptcy estate;
3. Whether the interests of judicial economy would be served by the transfer;
4. Whether the parties would be able to receive a fair trial in each of the possible venues;
5. Whether either forum has an interest in having the controversy decided within its borders;
6. Whether the enforceability of any judgment obtained would be affected by the transfer; and
7. Whether the original choice of forum should be disturbed.

*Id.*

Relevant factors for determining whether a bankruptcy case should be transferred to a different district for the convenience of the parties include:

1. Ease of access to the necessary proof;
2. The convenience of the witnesses and the parties and their relative physical and financial condition;
3. The availability of the subpoena power for unwilling witnesses; and
4. The expense related to obtaining witnesses.

*Id.*

The analysis of the combination of the interests of justice and convenience of the parties is inherently factual and entails the exercise of discretion. *In re Lebbos*, 439 B.R. 154, 163 (E.D. Cal. 2010) *aff'd,* 529 F. App'x 854 (9th Cir. 2013); *see also In re Donald*, 328 B.R. 192, 204 (B.A.P. 9th Cir. 2005) ("The analysis of any combination of 'interest of justice' and 'convenience of parties' under § 1412 is inherently factual and necessarily entails the exercise of discretion based on the totality of the circumstances, which may include considerations regarding witnesses and the presentation of evidence.").

The typical laundry list of non-exclusive factors that usually adds up to a totality-of-the-circumstances analysis, when distilled to their essence, reveal that they are mere secondary tools facilitating the ultimate venue transfer analysis, which entails a balancing of due process concerns of assuring appropriate access to the court for all parties-in-interest against the economic and efficient administration of the case. *Donald*, 328 B.R. at 204.

Here, the bankruptcy is pending in the Central District of California. The only basis for venue in this district because the bankruptcy case of an affiliate of the Alleged Debtor (Verdugo) is currently pending in this district. *See* 28 U.S.C. § 1408(2). The Alleged Debtor's corporate headquarters is in Houston, only nine miles from the courthouse for the United States Bankruptcy Court for the Southern District of Texas. Its principal assets are in the Southern District of Texas. A majority of the witnesses and parties-in-interest are located in or near the Southern District of Texas. Therefore, transferring venue to the Southern District of Texas would promote the economic and efficient administration of this bankruptcy case, and would serve the interests of judicial economy. The Southern District of Texas has an interest in having the controversy decided within its borders because the Alleged Debtor is a large, public company with its principal place of business located in Texas. Accordingly, due process, appropriate access to the court, and convenience of witnesses and parties-in-interest would all be served by transferring venue.

1  For the foregoing reasons, ASR respectfully requests that this Court enter its order
2  transferring venue to the United States Bankruptcy Court for the Southern District of Houston.
3
4  Dated: February 19, 2015                    RINGSTAD & SANDERS, LLP
5
6                                               By: /s/ Todd C. Ringstad
7                                                   Todd C. Ringstad
                                                    Proposed counsel for American
8                                                   Spectrum Realty, Inc., Alleged Debtor

## DECLARATION OF JAMES HURN

I, James Hurn, do hereby declare:

1. The following matters are true and correct and within my own personal knowledge. If called as a witness, I could and would competently testify thereto.

2. I am an attorney at law licensed to practice in the state of Texas. I am General Counsel of American Spectrum Realty, Inc. ("ASR" or "Company") and its Vice President. I have acted in the capacity of General Counsel since February, 2013 and have been Vice President of the Company since mid-2013. I also served as a member of the Board of Directors of ASR from approximately September 2012 to April, 2014. I am a seasoned senior executive and licensed attorney with extensive experience in investment assessment & selection, business valuation, strategic planning, capital structure design / fundraising, corporate finance and operational management. I served as senior counsel at Peissel Law Firm, L.L.P and worked as a legal consultant since my tenure with Smith Barney, which ended in 2009. I have over 36 years of direct investment and management experience with specific experience in raising capital. During my five years at Smith Barney he developed a specialized lending business targeted at Houston-based builders and real estate developers and arranged over $250 million in real estate project financing. I received a B.A. in English from the University of Texas in Austin before earning his Doctor of Jurisprudence from the University of Houston College of Law.

3. ASR has been a publicly traded company since 2001 and is listed on the New York Stock Exchange. ASR is a real estate investment company that owns, through its operating partnership, its subsidiaries and affiliates, interests in office, industrial, self storage, retail properties and apartments throughout the United States. ASR and its subsidiaries currently own, manage, or lease approximately 45 properties totaling probably $250 to $350 million of value in approximately 12 states throughout the U.S.

4. ASR's corporate headquarters are located at 2401 Fountain View, Suite 750, Houston, Texas 77057. ASR owns this building. The building has approximately 182,000 square feet of rentable space. ASR rents approximately 10,000 square feet of office space.

5. The Senior Executive Management of ASR consists of William J. Carden, President, CEO and Chairman of the Board of Directors and Dee Blalock, Executive Assistant, both of whom maintain their principal offices at the Houston corporate headquarters and perform the majority of their duties at that locations. The Senor Executive Management is responsible for oversight of all management functions of the day to day operations of the organization.

6. The in-house Legal Department of ASR consists of me in my capacity as General Counsel and Alexis Espejel, Legal Assistant. The Legal Department is responsible for the coordination of all legal services provided for the organization. The Legal Department maintains its offices at the Houston corporate headquarters and perform its duties at that location.

7. The Finance and Accounting department of ASR consists of:

    Quincy Wocker – VP Finance and Accounting

    Quentin Thompson – CFO

    Terrence Robinson – Corporate Accounting Manager

    Allison Sipes – Accounting Supervisor – Self-Storage

    Lessi Griggs – Senior Accountant

    Stephanie Massey – Account Payables Specialist

The Finance and Accounting Department is responsible for the finance and accounting for ASR and all its subsidiaries & operating companies. These individuals all maintain their offices at the Houston corporate headquarters and perform their duties at that location.

8. The Property Management Department consists of the following individuals:

    Bill Shaklovitz – Vice President – Commercial and Industrial Asset Management

    Todd Gresky – Director of Operations – Self-Storage Division

    Roddy Camper – Regional Manager – Self Storage Division

The Property Management Department is responsible for the property management function for all ASR-owned and third-party real estate. These individuals all maintain their offices at the Houston corporate headquarters and perform their duties at that location.

9. All books and records are maintained at the corporate headquarters at 2401 Fountainview, Suite 750, Houston, Texas 77057. This includes the primary corporate data base

Ringstad & Sanders L.L.P.
2030 Main Street, 12th Floor
Irvine, California 92614
949.851.7450

which constitutes a repository for all ASR digital data / records.

10. ASR maintains a small office in Irvine, California that is the principal office of American Spectrum Risk and Insurance Services, LLC, a small subsidiary of ASR.

11. Virtually all management functions and the senior managers responsible for each of these functional areas are located in ASR corporate headquarters at 2401 Fountain View. The intensity of the actual day-to-day management of the properties and the accounting effort required for the financial performance of each property demands close coordination among those charged with managing the key functional areas required to operate the real property assets effectively..

12. Three bankruptcy cases for ASR-related entities have been filed and are pending in the United States Bankruptcy Court for the Southern District of Texas, located in Houston Texas. These cases are: 1) ASR-8 Centre LP, ASR-Fountainview Place LP, and ASR-Parkway One & Two LP, jointly administered as Case No. 14-30174; 2) ASR 2401 Fountainview, LP, Case No. 14-35322-H3-11; and 3) ASR 2401 Fountainview, LLC, Case No. 14-35323-H3-11. The courthouse location for the Bankruptcy Court is approximately 9 miles from the ASR Corporate Headquarters.

13. I believe that it would be impossible for a bankruptcy trustee located in California to properly and effectively perform the trustee's duties with respect to ASR. Appropriate oversight and management of the financial affairs of ASR require a trustee who can oversee the various departments and interact with the personnel on a daily basis. I do not believe that the job can be done remotely.

14. It would be a significant hardship to ASR to attempt to defend an involuntary petition, or to perform its duties as debtor and debtor in possession if an order for relief were entered if the bankruptcy is pending in California. The key witnesses in any such proceeding would likely be William J. Carden, Quentin Wocker, Vice President of Finance and Accounting, Quentin Thomas, CFO and myself, as General Counsel, all of whom are located at the corporate headquarters in Houston, Texas. It would be prohibitively expense and a considerable hardship, for each of these individuals to travel to California to answer questions, testify and participate in

the bankruptcy process.

14. For the foregoing reasons, I believe that the interests of justice, judicial economy and the convenience of the parties would be served by a transfer of venue of this matter to the Southern District of Houston, Texas.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed this 19th day of February, 2015 at Houston, Texas.

_____
JAMES L. HURN

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
2030 Main Street, Suite 1600, Irvine, CA 92614

A true and correct copy of the foregoing document entitled (*specify*): **EMERENCY MOTION FOR THE TRANSFER OF VENUE TO THE SOURTHERN DISTRICT OF TEXAS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On February 19, 2015, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Leslie Schwaebe Akins    lsa@stockmarketlaw.com, vs@stockmarketlaw.com;aks@stockmarketlaw.com
- James C Bastian    jbastian@shbllp.com
- Ira Benjamin Katz    IKatz@GershuniKatz.com
- Elizabeth A Lossing    elizabeth.lossing@usdoj.gov
- Melissa Davis Lowe    mdavis@shbllp.com, lverstegen@shbllp.com
- Michael B Reynolds    mreynolds@swlaw.com, kcollins@swlaw.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on February 19, 2015, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
**Via Personal Delivery**: Honorable Scott C. Clarkson, U.S. Bankruptcy Court, Ronald Reagan Federal Building, 411 W. Fourth St., Suite 5130, Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 19, 2015 | Becky Metzner | */s/ Becky Metzner* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                            **F 9013-3.1.PROOF.SERVICE**