1 | Todd C. Ringstad (State Bar No. 97345)
todd@ringstadlaw.com
2 | **RINGSTAD & SANDERS LLP**
2030 Main Street, 16th Floor
3 | Irvine, CA 92614
Telephone: 949-851-7450
4 | Facsimile: 949-851-6926

5 | Counsel for American Spectrum Realty, Inc.

6

7

8 | UNITED STATES BANKRUPTCY COURT

9 | CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

10

| In Re | CASE NO. 8:15-BK-10721-SC |
|---|---|
| AMERICAN SPECTRUM REALTY, INC. | Chapter 11 Proceeding |
| Alleged Debtor. | **EMERGENCY MOTION BY RINGSTAD & SANDERS LLP TO WITHDRAW AS COUNSEL FOR THE ALLEGED DEBTOR; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF TODD C. RINGSTAD IN SUPPORT THEREOF** [Local Bankruptcy Rules 2091-1 and 9013-1(p)(4)] NO HEARING REQUIRED [See LBR 9013-1(p)(4)] |

TO THE HONORABLE SCOTT CLARKSON, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AMERICAN SPECTRUM REALTY, INC., AND OTHER INTERESTED PARTIES:

//

//

//

//

//

Ringstad & Sanders LLP (the "Firm") hereby moves on an emergency basis for an order authorizing the Firm to withdraw as counsel for American Spectrum Realty, Inc., the alleged debtor ("ASR" or the "Alleged Debtor"). The Firm requests that the Order granting this Motion and relieving the Firm of its duties be entered immediately without further delay, notice or opportunity for hearing in accordance with the provisions of Local Bankruptcy Rule 9013-1(p)(4), or, alternatively, that a hearing on this Motion be set as an emergency hearing at the earliest available court date.

## SUMMARY OF MOTION

Good cause exists for the granting of this Motion for a variety of reasons, including:

1. Inability to effectively communicate with ASR due to the failure of key management of ASR to respond to telephone calls and email messages;

2. Failure to provide the additional retainer which the Alleged Debtor agreed to provide as a condition of the Firm's engagement for the Alleged Debtor; and,

3. Irreconcilable differences that have arisen between the Alleged Debtor and the Firm.

## GROUNDS FOR EMERGENCY RELIEF

Good cause exists for granting this Motion without a hearing pursuant to the provisions of 9013-1(p)(4), or, alternatively, that a hearing on this Motion be set as an emergency hearing at the earliest available court date. Multiple key deadlines are rapidly approaching in this matter, including but not limited to:

March 19, 2015 – Any supplement to ASR's Motion to Change Venue is due.

March 26, 2015 – Any supplemental opposition to the Motion to Appoint a Trustee is due.

April 3, 2015 – Any reply to supplemental opposition to the Motion to Change Venue is due.

April 9, 2015, 11:00 a.m.- Hearing on Dunham's Motion for Appointment of a Trustee; Hearing on ASR's Motion to Change Venue; Status Conference on Involuntary Petition.

It is critical that ASR retain counsel that will see this matter through to conclusion with the irreconcilable differences that have arisen between ASR and the Firm. Granting the Motion on an emergency basis will force ASR to move rapidly to obtain new counsel and relieve the Firm

- 2 -

from continuing representation of a client with whom it has irreconcilable differences.

## MEMORANDUM OF POINTS AND AUTHORITIES

### A. The Court May Enter an Order Authorizing the Withdrawal Of Counsel.

Local Bankruptcy Rule 2091-1 provides that "[a]n attorney who has appeared on behalf of an entity in any matter concerning the administration of the case, in one or more proceedings, or both, may not withdraw as counsel except by leave of court."

The Firm is entitled to withdraw pursuant to California Rule of Professional Conduct 3-700, which provides that an attorney may withdraw where the client "renders it unreasonably difficult for the [attorney] to carry out the employment effectively" and where the client "breaches an agreement or obligation to the member as to expenses or fees."

Both of these reasons are applicable here. Communication with key members of management has become exceedingly difficult, with such members failing to return multiple voicemail messages and email messages. Furthermore, ASR has failed to provide an agreed retainer to the Firm which was a condition of the Firm's employment. Irreconcilable differences have arisen between the Firm and ASR that the Firm does not intend to disclose in greater detail for fear of breaching the attorney-client privilege.

### B. Under Local Bankruptcy Rule 9013-1(P)(4), the Court May Grant this Motion Immediately Without Further Opportunity for a Hearing or a Request for a Hearing

According to Local Bankruptcy Rule 9013-1(p)(4), motions to withdraw as counsel may be granted by the Court upon notice without a hearing or further delay. Local Bankruptcy Rule 9013-1(p)(4) provides:

> (p) **Motions and Matters Determined with Notice, but without a Hearing.**
>
> The following motions may be determined without a hearing and after notice provided in the corresponding LBR cited.
>
> . . .
>
> (4) Motions to Withdraw as Counsel [LBR 2091-1(a)].

No hearing is required, nor is there any requirement that a 14-day notice period be provided to allow a party to file a request for a hearing in a motion for withdrawal of counsel

under LBR 2091-1. No hearing is required on this Motion under Local Bankruptcy Rule 9013-1(p)(4) and the Court may grant this Motion forthwith without any further notice or opportunity for hearing.

Good cause exists to grant this Motion immediately without further opportunity for notice or hearing as the Alleged Debtor has become unresponsive to the Firm, thereby rendering the Firm incapable of carrying out its responsibilities for the Alleged Debtor.

The Firm has given the notice required by LBR 2091-1 which provides, in relevant part:

> "An attorney seeking withdrawal or substitution who has appeared on behalf of an entity in any matter concerning the administration of the case must give notice of the proposed substitution or motion for leave to withdraw to the debtor, the United States trustee, any case trustee, any committee appointed in the case, counsel for any of the foregoing, and parties requesting special notice."

The Firm provided notice of its intent to file a motion to withdraw to the Alleged Debtor by an email delivered to ASR and to the United States trustee by email on March 11, 2015. Additionally, this Motion will be ECF served upon all parties requesting special notice, and a copy will be delivered to the Alleged Debtor. The Firm has therefore complied with the notice requirements of LBR 2091-1(c)(1).

Based upon the foregoing, good cause exists to allow the Firm to withdraw as counsel for the Alleged Debtor. LBR 9013-1(p)(4) allows this Motion to be granted forthwith without further notice, opportunity to object or hearing. Good cause exists to grant the Motion immediately, as the Alleged Debtor has become unresponsive to the Firm, rendering the Firm incapable of carrying out its duties.

This Motion is made and based upon the Memorandum of Points and Authorities and Declaration of Todd C. Ringstad attached hereto, and such other and further evidence as may be submitted at or prior to any hearing on this Motion.

**WHEREFORE**, the Firm prays that this Court enter its Order authorizing the immediate withdrawal of the Firm as counsel for the Alleged Debtor without further delay, notice or

1 | opportunity for hearing in accordance with the provisions of Local Bankruptcy Rule
2 | 9013-1(p)(4), or, alternatively, set a hearing on this matter on an emergency basis, and, following
3 | such hearing, enter its Order authorizing the immediate withdrawal of the Firm as counsel for the
4 | Alleged Debtor, and for such other and further relief as the Court may deem just and proper.

Dated: March 11, 2014                RINGSTAD & SANDERS LLP

                                     By: _____
                                         Todd C. Ringstad

## DECLARATION OF TODD C. RINGSTAD

I, Todd C. Ringstad, do hereby declare:

1. The following matters are true and correct and within my own personal knowledge. If called as a witness, I could and would competently testify thereto.

2. I am an attorney at law licensed to practice in the state of California and before this Court. I am a partner in Ringstad & Sanders LLP (the "Firm").

3. This Chapter 11 case was commenced by the filing of an involuntary petition on February 13, 2014. Ringstad & Sanders LLP (the "Firm"), was engaged by the alleged debtor, American Spectrum Realty, Inc. ("ASR" or "Alleged Debtor"). No Order for Relief has been entered in this case and a status conference hearing on the involuntary petition is scheduled for April 9, 2015 at 11:00 a.m.

4. A true and correct copy of the Firm's engagement agreement with ASR is attached as Exhibit "1." The Agreement required an initial retainer of $25,000 and a supplemental retainer of $25,000 to be paid within 15 days thereafter. The initial retainer was received but the supplemental retainer has not been paid despite demand therefor. The initial retainer has been exhausted in payment of services performed since the Firm's engagement.

5. In its short history, this bankruptcy case has been hotly disputed. On the day the emergency petition was filed, the petitioning creditors also filed an Emergency Motion for the appointment of an interim trustee, and obtained a hearing on the Emergency Motion to be held on February 19, 2015. The Firm worked diligently to prepare an adequate response to the Motion given the shortened time frame and ultimately filed Opposition to the Motion, a Supplemental Brief addressing issues of Maryland corporate law (the Alleged Debtor is a Maryland Corporation), and Declarations of William J. Carden, Patrick D. Barrett, David B. Wheless and James Hurn in opposition to the Emergency Motion. The Firm, at the Alleged Debtor's behest, also prepared and filed an Emergency Motion for a Change of Venue. The Emergency Motion for appointment of an interim trustee was not granted at the hearing and was set over for a further hearing on April 9, 2015, as was the Emergency Motion for a Change of Venue. Extensive negotiations have been undertaken in an effort to resolve the disputes in this matter.

6. Good cause exists for the granting of this motion to withdraw including:

   a. Inability to effectively communicate with ASR due to the failure of key management of ASR to respond to telephone calls and email messages;

   b. Failure to provide the additional retainer which the Alleged Debtor agreed to provide as a condition of the Firm's engagement for the Alleged Debtor; and,

   c. Irreconcilable differences that have arisen between the Alleged Debtor and the Firm.

## GROUNDS FOR EMERGENCY RELIEF

7. Good cause exists for granting this Motion without a hearing pursuant to the provisions of 9013-1(p)(4), or, alternatively, that a hearing on this Motion be set as an emergency hearing at the earliest available court date. Multiple key deadlines are rapidly approaching in this matter, including but not limited to:

March 19, 2015 – Any supplement to ASR's Motion to Change Venue is due.

March 26, 2015 – Any supplemental opposition to the Motion to Appoint a Trustee is due.

April 3, 2015 – Any reply to supplemental opposition to the Motion to Change Venue is due.

April 9, 2015, 11:00 a.m.- Hearing on Dunham's Motion for Appointment of a Trustee; Hearing on ASR's Motion to Change Venue; Status Conference on Involuntary Petition.

8. It is critical that ASR retain counsel that will see this matter through to conclusion given the irreconcilable differences that have arisen between ASR and the Firm. Granting the Motion on an emergency basis will force ASR to move rapidly to obtain new counsel and relieve the Firm from continuing representation of a client with whom it has irreconcilable differences.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 11th day of March, 2015 in Irvine, California.

TODD C. RINGSTAD



# RINGSTAD LLP
# & SANDERS
### ATTORNEYS AT LAW

TODD C. RINGSTAD
TODD@RINGSTADLAW.COM

February 18, 2015

American Spectrum Realty, Inc.
19100 Von Karman Avenue
Suite 900
Irvine, CA 92612

## ATTORNEY-CLIENT FEE AGREEMENT

The following confirms the terms and conditions on which Ringstad & Sanders LLP (the "Firm") will provide legal services to American Spectrum Realty, Inc.. A written agreement such as the one set herein is required by California Business and Professions Code §6148 for most attorney engagements, and helps to minimize the possibility of any misunderstanding between the Firm and its clients.

Please read with care the terms and conditions on which the Firm is willing to agree to act as your attorney and to represent your interests. If the terms and conditions are acceptable to you, please sign this document where indicated below and return it to the undersigned. By executing this document, you are entering into a contract that is binding on both the Firm and you. The purpose of this document is to set forth the scope of our engagement as legal counsel to you, to confirm that we are in mutual agreement about the scope of our engagement, to set forth the financial arrangements of our engagement, and to verify your approval of these financial arrangements.

The terms and conditions of this agreement for legal services are:

1. **PARTIES TO THE AGREEMENT.** The parties to this Attorney-Client Fee Agreement (the "Agreement") are Ringstad & Sanders LLP (the "Firm") and American Spectrum Realty Inc. (referred to as "Client" or "you").

2. **CONDITIONS AND EFFECTIVE DATE.** This agreement will not take effect, and the Firm will have no obligation to provide any legal services or perform any work for Client, until Client returns a signed copy of this Agreement and pays the legal fees required below. Once these conditions are satisfied, its effective date will be retroactive to the date the Firm first performed services. The date at the beginning of this agreement is for reference only. Even if this agreement does not take effect, Client will be obliged to pay us the reasonable value of any



2030 MAIN STREET, SUITE 1600    IRVINE, CALIFORNIA 92614    (MAIN) 949.851.7450
(FAX) 949.851.6926

EXHIBIT __1__

PAGE __6__

American Spectrum Realty, Inc.
February 18, 2015
Page 2

services the Firm may have performed for Client.

3.   **SCOPE OF ENGAGEMENT AND SERVICES.** Client is hiring the Firm to represent Client as its general insolvency counsel in an involuntary Chapter 11 bankruptcy proceeding filed by D&A Daily Mortgage Entites. The Firm will provide those legal services reasonably required to represent Client, including: keeping Client informed of progress and to respond to Client's inquiries; counseling Client regarding the rights and duties of a "debtor-in-possession"; reviewing and seeking court approval of any proposed transactions by the debtor which are not in the ordinary course of business; and defending the debtor against any motions or adversary proceedings brought against it. The Firm's employment as general insolvency counsel to Client does not include appearances before any court or agency, other than the bankruptcy Court and the Office of the United States Trustee, or the providing of advice outside the area of insolvency law, such as corporate claw, partnership law, consumer protection, taxation, securities, torts, environmental law, labor law, criminal law, administrative law, suretyship, or real estate law. Client acknowledges that the Firm will not provide advice as to any insurance coverage that may be available or applicable for any claims by or against Client, and that Client is specifically advised to seek qualified counsel for such matters. If any such actions arise, Client may make separate financial arrangements to engage the firm for the purpose of representing Client in such matters. Unless Client and the Firm make a different agreement in writing, this agreement will govern all future services the Firm may perform to Client.

4.   **RETENTION OF LAW FIRM.** Client is retaining a law firm, not any particular attorney, and the attorney services to be provided to Client will not necessarily be performed by any particular attorney.

5.   **DUTIES OF CLIENT.** The Client agrees to abide by this agreement, to pay the Firm's bills on time, be candid, and cooperative with the Firm, and will keep the Firm informed with complete and accurate factual information, documents, and other communications relevant to the subject matter of the Firm's representation or as otherwise reasonably requested by the Firm. Client will also assist the Firm by making the necessary personal, business, and strategic decisions appropriate to enable the Firm to accomplish the legal services which the Firm has agreed to perform under the terms of this agreement.

The Firm must be able to communicate with Client at all times in order to be able to completely render the legal services provided for under the terms of this agreement. Therefore, Client agrees to inform the Firm, in writing, of any changes in Client's address, telephone, facsimile numbers, and e-mail addresses, or any relevant changes regarding the Firm's ability to communicate with Client. If the Firm is not able to effectively communicate with Client, the Firm cannot either properly perform or represent the Client's legal interests with respect to the legal services called for under this agreement.

6.   **RETAINER.** Client will pay to the Firm a retainer of $25,000 to be applied against attorney fees and costs incurred by Client. Additionally, Client will pay to the Firm as an additional retainer the additional sum of $25,000 within 15 days following the execution of this agreement. Client further agrees to provide additional retainers as may be required prior to entry



EXHIBIT 1
PAGE 9

American Spectrum Realty, Inc.
February 18, 2015
Page 3

of an order for relief to pay all anticipated fees and costs. The retainers will be placed in a trust account to be maintained by the Firm. Client authorizes the Firm to withdraw funds from the trust account to pay attorney fees and costs on a weekly basis prior to the entry of an order for relief, or, after the entry of an order for relief in the proceeding, as authorized by the Bankruptcy Court. The Firm may apply the retainer against any fees or costs owed by the Client to the Firm immediately prior to the entry of an order for relief, so that the Firm will not be a creditor of the Client as of that time, and the Firm may file a request with the Bankruptcy Court, which the Client will support, to draw against the retainer at periodic intervals during the course of any bankruptcy case pursuant to what is commonly referred to as a "face sheet" payment procedure.

**Monthly Payment of Invoices.** Following payment of the retainers described above, Client agrees to pay to the Firm on a timely basis monthly fees and costs incurred as additional retainers. These amounts will be deposited by the Firm into a trust account. Invoices are rendered monthly and are due fifteen days after issuance. You authorize us to use the funds in the Trust Account to pay the fees and other charges you incur. The Firm will withdraw those funds in accordance with the U.S. Trustee's Guide and Applications for Professional Compensation or upon any other terms or guidelines as may be imposed by the Bankruptcy Court, the United States Trustee or any other governing authority.

If, at the termination of services under this agreement, the total amount incurred by Client for attorney fees and costs is less than the amount of all retainers deposited and payments received from Client, the difference will be refunded to Client.

**Source of Retainer.** Client hereby represents that all monies paid to the Firm as a retainer are from funds belonging to Client and from no other source.

7.  **AUTHORIZED REPRESENTATIVE OF CLIENT.** Client designates William J. Carden as the authorized representative to direct the Firm and to be the primary person to communicate with the Firm regarding the subject matter of the Firm's representation of Client under this agreement. This designation is intended to establish a clear line of authority and to minimize potential uncertainty, but not intended to preclude communications between the Firm and other representatives of Client.

8.  **CERTAIN CLIENT CONSIDERATIONS, ISSUES AND CONCERNS.** In order for the Firm to represent each Client in its bankruptcy case, the Firm must obtain Bankruptcy Court approval of the Firm's employment and the terms of this Agreement, which will be summarized in an Application for Employment prepared and filed by the Firm in the bankruptcy case.

The Firm's fees and costs and the fees and costs of any other professionals whose employment is approved by the Bankruptcy Court (which could include, by way of example, counsel for any official committee of creditors appointed in the case, and any accountants or appraisers employed by the Client or any such official committee), must be paid in full before the Client's Chapter 11 plan can become effective.

Although the Firm will diligently contribute its skills and effort in accordance with the



American Spectrum Realty, Inc.
February 18, 2015
Page 4

terms of this Agreement, the result of the bankruptcy case will ultimately depend primarily on the feasibility and success of the Client's business plan. The Firm makes no promise or representation regarding the results of the bankruptcy case including whether a Chapter 11 plan can or will be confirmed, or if a plan is confirmed, whether the plan will be successful, or with respect to the outcome of any related litigation.

Except as may be set forth in a separate written agreement between the Firm and such other persons, the Firm will not be representing or providing legal counsel or advice to or for the benefit of the principals, managers, director, officers, employees or agents of the Client, including any persons that own or control, or are owned or controlled by, or are under common ownership or control with, the Client. If any such persons have questions regarding the Client, this engagement, the bankruptcy case, any related rights, interests, obligations, claims or litigation, or any other legal matter, then they should consult with their own independent legal counsel.

Initially upon the filing of the case, the Client will be managing its own business and affairs as the debtor and debtor-in-possession, and will owe a fiduciary duty to the bankruptcy estate. If a trustee is appointed in the case (including a Chapter 11 trustee or a Chapter 7 trustee upon any conversion of the case from one under Chapter 11 to Chapter 7), then any attorney-client privileges held by the Client prior to appointment of the trustee would be vested in the trustee and could thereafter be waived by the trustee.

The Firm represented itself (and not the Client) in negotiating the terms of this engagement and in preparing this letter and legal services agreement. The Client should therefore carefully review this letter and consider obtaining independent legal counsel from another source regarding these documents and the terms of this engagement before executing and returning the documents.

9. **LEGAL FEES AND BILLING PRACTICES.** Client agrees to pay by the hour at the Firm's prevailing rates for time spent on Client's matter by the Firm's legal personnel. The Firm's current hourly rates for legal personnel (and other billing rates) are set forth on the attached Rate Schedule. The Firm will charge in increments of one-tenth of an hour, rounded off for each particular activity to the next highest one-tenth of an hour. The minimum time charged for any particular activity will be one-tenth of an hour.

The Firm will charge for all activities undertaken in providing legal services to Client under this agreement including, but not limited to, the following: conferences, court sessions, and depositions; correspondence and legal documents; legal research; telephone calls relating to Client's matter, including calls to client, opposing counsel or court personnel; waiting time in court and elsewhere; and for travel time, both local and out of town.

The Firm's hourly rates are adjusted from time to time and may change during the course of this agreement. However, the Firm will not change any of the rates set forth above without first providing Client at least 10 days' written notice of the proposed changes.



American Spectrum Realty, Inc.
February 18, 2015
Page 5

    Client acknowledges that the Firm has made no promises about the total amount of attorney fees to be incurred by Client under this agreement.

10.    **COSTS AND OTHER CHARGES.** Client will pay all "costs" in connection with the Firm's representation of Client under this agreement. Costs will be advanced by the Firm and then billed to Client unless the costs can be met out of the Retainer that is applicable toward costs. However, for substantial cost items, the Firm may, at its option, require that Client make advance payment. Costs include, but are not limited to: process servers' fees; fees fixed by law or assessed by courts and other agencies; court reporter's fees; long distance telephone calls; messenger and other delivery fees; postage; parking and other local travel expenses; photocopying and other reproduction costs; clerical staff overtime; word processing charges; charges for computer time; and other similar items. Except for the items listed on the Rate Schedule, all costs and expenses will be charged at the Firm's cost.

    Out of Town Travel. Client agrees to pay transportation, meals, lodging, and all other costs of any necessary out-of-town travel by our personnel. Should expenses such as airline fares and lodging be required, the Firm will obtain your approval for such expenses prior to making travel arrangements.

    Experts, Consultants, and Investigators. To aid in the preparation or presentation of Client's case, it may become necessary to hire expert witnesses, consultants, or investigators. The Firm will not hire such persons unless Client agrees to pay their fees and charges. The Firm will select any expert witnesses, consultants, or investigators to be hired.

11.    **BILLING STATEMENTS.** The Firm will send Client monthly statements for fees and costs incurred. Each statement will be payable within five (5) days of its mailing date. Client may request a statement at intervals of no less than 30 days. If Client so requests, the Firm will provide one within 10 days. The statements shall include the amount, rate, basis of calculation or other method of determination of the fees and costs, which costs will be clearly identified by item and amount. Once a bankruptcy case is filed, any fees and costs incurred during the Bankruptcy Case will be subject to review and possible adjustment by the Bankruptcy Court.

    The Firm may record all fees and costs incurred in connection with any services performed by the Firm for any Client identified in this agreement into a single consolidated billing file and may produce for payment a consolidated invoice incorporating all of such fees and costs, and with Bankruptcy Court approval, which the Firm will seek and each Client will support, the Firm may file with the Bankruptcy Court consolidated interim and final fee applications, without regard to whether any particular tasks or costs are incurred for the benefit of only one or some of such Clients, or for the joint benefit of all of such Clients.

12.    **LIEN.** By signing and returning this fee agreement to the Firm, Client grants the firm a lien on the Retainers, or any additional Retainers made in accordance with the terms hereof to secure payment of fees and costs incurred on Client's behalf. Client acknowledges that Client has been advised to seek independent legal advice about granting the Firm this lien and has had a reasonable opportunity to do so. By signing this fee agreement and returning it to the Firm,



American Spectrum Realty, Inc.
February 18, 2015
Page 6

Client represents that Client has either obtained legal advice about this lien or has decided that it was unnecessary to do so.

13. **DISCHARGE OF THE FIRM.** Client may discharge the Firm at any time by written notice effective when received by the Firm. Unless specifically agreed by the Firm and Client, the Firm will provide no further services and advance no further costs on Client's behalf after receipt of the notice. If the Firm is Client's attorney of record in any proceeding, Client will execute and return a substitution-of-attorney form immediately on its receipt from the Firm. After the Firm's services conclude, the Firm will, upon Client's request, deliver Client's file to Client, along with any funds or property of Client's in the Firm's possession. Notwithstanding the discharge, Client will remain obligated to pay the Firm at the agreed rate(s) for all services provided and to reimburse the Firm for all costs advanced.

14. **WITHDRAWAL OF THE FIRM.** The Firm may withdraw at any time as permitted under the Rules of Professional Conduct of the State Bar of California. The circumstances under which the Rules permit such withdrawal include, but are not limited to, the following: (a) client consents, (b) client's conduct makes it unreasonably difficult for the Firm to carry out the employment effectively, (c) client's refusal to cooperate with the Firm or to follow the Firm's advice on a material matter, (d) there emerges any fact or circumstance that would render the Firm's continuing representation unlawful or unethical, and (e) client fails to pay attorney fees or costs as required by his, her, or its agreement with the attorney. Client agrees that in the event that cause for withdrawal exists, Client will not oppose withdrawal, regardless of the status of the case or the effect of such withdrawal. After the Firm's services conclude, the Firm will, upon Client's request, deliver Client's file to Client, along with any funds or property of Client's in the Firm's possession. Notwithstanding the Firm's withdrawal, Client will remain obligated to pay the Firm at the agreed rate(s) for all services provided, and to reimburse the Firm for all costs advanced, before the withdrawal.

15. **DISCLAIMER OF GUARANTY.** Although the Firm may offer an opinion about possible results regarding the subject matter of this agreement, the Firm cannot guarantee any particular result. Client acknowledges that Attorney has made no promises about the outcome and that any opinion offered by the Firm in the future will not constitute a guaranty. The Firm's comments about the outcome of Client's matter are expressions of opinion only.

16. **ENTIRE AGREEMENT.** This Agreement contains the entire agreement of the parties. No other agreement, statement, or promise made on or before the effective date of this Agreement will be binding on the parties.

17. **SEVERABILITY IN EVENT OF PARTIAL INVALIDITY.** If any provision of this Agreement is held in whole or in part to be unenforceable for any reason, the remainder of that provision and of the entire Agreement will be severable and remain in effect.

18. **MODIFICATION BY SUBSEQUENT AGREEMENT.** This Agreement may be modified by subsequent agreement of the parties only by an instrument in writing signed by both of them, or an oral agreement only to the extent that the parties carry it out.



American Spectrum Realty, Inc.
February 18, 2015
Page 7

19.     **DOCUMENT RETENTION POLICY.** At the termination of services under this agreement, the Firm will release promptly to Client on request all of Client's paper and property. After two (2) years have passed since the termination of services under this agreement, the Firm may dispose of Client's papers and property. If Client desires to have the Firm retain Client's papers and property beyond two (2) years after the termination of services, Client must make separate arrangements with the Firm.

20.     **ARBITRATION.** All disputes, claims and controversies, excluding fees, but including and not limited to all other matters including malpractice, breach of fiduciary duty, breach of contract, negligence or other tort (intentional or unintentional) and/or declaratory or other equitable relief arising under or concerning the performance of this Agreement shall be submitted to binding arbitration pursuant to the provisions of California Code of Civil Procedure 1282 through 1284.2, inclusive, before one (1) retired California judge or justice selected by agreement of the parties, or from the Business Civil Litigation Panel of Attorneys published by the Administrator for Orange County Arbitration. If we cannot agree upon an arbitrator within ten days after any party demands arbitration, then JAMS/ENDISPUTE shall provide the names of three available retired judges on its staff and each party shall be entitled to strike one name. The remaining judge shall be the selected arbitrator. If either side refuses to strike an arbitrator within ten days from the service of the names of the arbitrators, then JAMS/ENDISPUTE shall decide which of the remaining two shall be selected. The findings or award of the arbitrator may thereafter be entered as a judgment upon petition to the Orange County Superior Court. It shall be a condition precedent to the subject matter jurisdiction of any court of the State of California that any such disputes, controversies and actions arising out of this agreement or of any services performed as a result of this agreement, including, without limitation, the scope and extent of the issues to be arbitrated, shall first have been determined by arbitration. You understand and agree that by consenting to arbitrate all disputes and controversies, including any alleged malpractice, you agree to waive trial by jury.

21.     **INTEREST.** The Firm is entitled to charge 10% per annum interest on unpaid monthly invoice balances or on fees and costs awarded and ordered paid by the Court, but which remain unpaid. In fee application cases, interest begins accruing on the first day of the month following the date upon which a fee order becomes effective if payment is not received by then, either from retainer funds or from other funds of the debtor.

22.     **GOVERNING LAW.** This agreement is governed by, and must be interpreted under, California law, and any court proceedings related to this agreement must be instituted in the County of Orange.

RINGSTAD & SANDERS LLP

By: _____
Todd C. Ringstad

14

American Spectrum Realty, Inc.
February 18, 2015
Page 8

THE PARTIES HAVE READ AND UNDERSTOOD THE FOREGOING TERMS AND AGREE TO THEM AS OF THE DATE THE FIRM FIRST PROVIDED SERVICES.

          American Spectrum Realty, Inc.
          A Maryland Corporation

          By: _____
              William J. Carden, CEO



15

American Spectrum Realty, Inc.
February 18, 2015
Page 9

## RATE SCHEDULE

### Attorneys (hourly)

Todd C. Ringstad - $625.00

Nanette D. Sanders - $625.00

Christopher A. Minier - $450.00

Brian R.M. Nelson - $300.00

### Legal Assistants (hourly)

Becky Metzner - $195.00

### Costs

Faxing - $1.00 per page (sending)

Faxing - $.20 per page (receiving)

Photocopy - $.20 per page

Auto travel mileage - $.56 per mile

Long Distance telephone charges

Messenger Fees

Overnight Mail

Postage



# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
2030 Main Street, Suite 1600, Irvine, CA 92614

A true and correct copy of the foregoing document entitled (*specify*): **EMERGENCY MOTION BY RINGSTAD & SANDERS LLP TO WITHDRAW AS COUNSEL FOR THE ALLEGED DEBTOR; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF TODD C. RINGSTAD IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On March 11, 2015, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Leslie Schwaebe Akins    lsa@stockmarketlaw.com, vs@stockmarketlaw.com;aks@stockmarketlaw.com
- James C Bastian    jbastian@shbllp.com
- Sean B Davis    sbdavis@winstead.com, sbdavis@winstead.com;deierdam@winstead.com
- Ira Benjamin Katz    IKatz@GershuniKatz.com
- Elizabeth A Lossing    elizabeth.lossing@usdoj.gov
- Melissa Davis Lowe    mdavis@shbllp.com, lverstegen@shbllp.com
- Michael B Reynolds    mreynolds@swlaw.com, kcollins@swlaw.com
- Todd C. Ringstad    becky@ringstadlaw.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on March 11, 2015, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Via Personal Delivery**: Honorable Scott C. Clarkson, U.S. Bankruptcy Court, Ronald Reagan Federal Building, 411 W. Fourth St., Suite 5130, Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 11, 2015 | Becky Metzner | */s/ Becky Metzner* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**